IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40814
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL MANCILLAS-ZARATE,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-98-CR-71-1
- - - - - - - - - -
January 6, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Miguel Mancillas-Zarate ("Mancillas") appeals the sentence he received following his guilty-plea conviction for attempting to illegally reenter the United States after deportation, in violation of 8 U.S.C. § 1326(a). He argues that the district court erred and acted in violation of his right to due process by imposing a sixteen-point enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), for his prior Texas felony conviction for possession of cocaine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because he raises these arguments for the first time on appeal, they are reviewed for plain error.  See United States v. Spires, 79 F.3d 464, 465-66 (5th Cir. 1996); see also United States v. Knowles, 29 F.3d 947, 950-51 (5th Cir. 1994).  Mancillas has not demonstrated any error, plain or otherwise, arising out of the district court's application of § 2L1.2(b)(1)(A).  See United States v. Hinojosa-Lopez, 130 F.3d 691, 694 (5th Cir. 1997); see also United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1991).

Mancillas also argues that due process requires the Government to prove the aggravated felony sentencing enhancement by proof greater than a preponderance of the evidence, either beyond a reasonable doubt or by clear and convincing evidence.  However, Mancillas does not challenge the existence of his prior conviction or the Government's ability to prove that conviction under a heightened standard of proof and thus has failed to demonstrate that the district court's finding that the conviction was sufficiently proved, irrespective of what evidentiary burden was required, was clear error.  See United States v. Palmer, 122 F.3d 215, 222 (5th Cir. 1997).

AFFIRMED.